### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE ENRIQUE NUNEZ, III | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-408 |
| | : | |
| TINA NORRIS, ET AL. | : | |

McHUGH, J.                                                                      March 23, 2021

### MEMORANDUM

This is a civil rights action brought by a prisoner proceeding *pro se*.  Plaintiff was granted leave to proceed *in forma pauperis*.  Defendants then moved to dismiss his complaint, a motion that was granted only in part: the Court permitted a retaliation claim against the warden of Burks County Prison to proceed, as well as a claim against an individual correctional officer.  Thereafter, Plaintiff was denied leave to file an amended complaint against the other personnel at the prison, because none of his factual allegations would give rise to a colorable claim.

Defendants proceeded to serve discovery, which Plaintiff did not answer, leading them to file a motion to compel.  In December 2019, Plaintiff requested an extension of time within which to comply, which the Court granted.  *See* ECF 33.  There has been no communication from Plaintiff since December 30, 2019.

Defendants' renewed their motion to compel on February 26, 2020, and the court ordered Plaintiff to comply by March 21, 2020.  *See* ECF 35.  Plaintiff failed to do so, and on May 4, 2020, Defendants moved to dismiss for lack of prosecution.  Recognizing the Plaintiff's *pro se* status, and the existence of the pandemic, the Court took no action on the motion, allowing Plaintiff ample time within which to reemerge and pursue his claims.  When he did not do so, counsel for

Defendants was directed to supplement the record with an affidavit establishing that its motion was properly served.

At this point, I deem it proper to address the motion, and will dismiss the case with prejudice having considered the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  First, as a *pro se* litigant, Plaintiff is the party personally responsible for failing to provide discovery or in any other way further participating in this litigation.  In that regard, I will also note that Mr. Nunez is an experienced litigant who has brought numerous cases in this court.  *See, e.g.*, *Nunez v. Heere*, No. 18-4493 (dismissed Feb. 7, 2020); *Nunez v. PrimeCare Health Inc.*, No. 19-859 (request to withdraw April 8, 2019); *Nunez v. Kirsch*, No. 19-1418 (request to withdraw April 19, 2019).  Second, with the passage of time, Defendants are prejudiced insofar as facts become harder to establish, litigation costs continued to be incurred, and, keeping in mind that Defendants here are individuals, they are unable to achieve closure.  Third, after initially paying appropriate attention to this case, Plaintiff has simply ignored it since December 30, 2019.  Although the Court recognizes that Mr. Nunez represents  that he suffers from certain conditions that impair his ability to function, it remains the fact that he is the party who has brought the case and then for all practical purposes abandoned it.  The defense is correct that monetary sanctions are not an effective remedy against a plaintiff who qualified to proceed without paying court fees.   And notwithstanding whatever challenges Mr. Nunez may have, he has acted willfully in the sense that he is the party in control of this lawsuit.  Finally, as to the merits of the claim, there is no record upon which to make an assessment, but as Defendants cogently point out, the absence of a record is due to Plaintiff's failure to provide any discovery.

Given this history, dismissal with prejudice is warranted.

    /s/ Gerald Austin McHugh
United States District Judge